**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> TEMOGEN TRAN NOGUNI, ) <br> ) <br> Defendant. ) <br> ) <br> _____ ) | Case No.: 2:15-cr-00339-GMN-GWF <br><br> **ORDER** |

Before the Court is Temogen Tran Noguni's ("Defendant's") Letter, (ECF No. 112), requesting a recommendation from the Court for Defendant to participate in the Second Chance Act at the Bureau of Prisons ("BOP"). For the reasons discussed below, the Court declines Defendant's request.

## I.     BACKGROUND

On August 28, 2017, Defendant pleaded guilty to the unauthorized sale of property of the United States, in violation of 18 U.S.C. § 641. (Plea Agreement, ECF No. 91); (Mins. Proceedings, ECF No. 89). The Court accordingly sentenced Defendant to eighteen-months imprisonment followed by two years of supervised release. (J., ECF No. 111). The Court also recommended that the BOP allow Defendant to serve his term of incarceration as close to Las Vegas, Nevada as possible in order for Defendant to be near family. (*Id.*).

On January 5, 2019, Defendant filed a letter with the Court, requesting a judicial recommendation that he participate in the Second Chance Act with the BOP. Upon receiving Defendant's letter, the Court requested a response from the Government, to which the Government complied. (Resp., ECF No. 114).

## II. LEGAL STANDARD

"The Bureau of Prisons has the statutory authority to choose the locations where prisoners serve their sentence." *United States v. Ceballos*, 671 F.3d 852, 855 (9th Cir. 2011). Nevertheless, the BOP may consider (among other things):

> (4) any statement by the court that imposed the sentence—
>
>     (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>
>     (B) recommending a type of penal or correctional facility as appropriate.

*Id.*; 18 U.S.C. § 3621(b). A court's recommendation is non-binding. *See* 18 U.S.C. § 3621(b). Additionally, district courts have "the authority to make (or not make) non-binding recommendations to the [BOP] at any time—including but not limited to—during the sentencing colloquy." *Ceballos*, 671 F.3d at 856 n.2; *United States v. Hoffman*, No. 2:15-cr-00234-JAM-1, 2018 WL 6634378, at *1 (E.D. Cal. Dec. 19, 2018).

The Second Chance Act, 18 U.S.C. § 3624, permits the BOP to consider placing inmates nearing the end of their sentences in conditions "that will afford [the inmate] a reasonable opportunity to adjust to and prepare for the reentry . . . into the community." *See* 18 U.S.C. § 3624(c). This pre-release placement may include a community correctional facility or in-home detention. *See* 18 U.S.C. § 3624(c)(1), (2); 28 C.F.R. § 570.20.

## III. DISCUSSION

Defendant requests a recommendation from the Court for the BOP to grant him participation in the Second Chance Act "at the earliest appropriate time" so that Defendant can be placed in a correctional facility and then home confinement. (Letter, ECF No. 112).[1] Defendant's request arises from his desire to prepare for re-entry into the community, to better

---

[1] The Government does not contest the Court's ability to recommend Defendant's participation in the Second Chance Act. Indeed, the Government states that it "leaves the decision of defendant's placement in this program to the Court." (Resp. 2:1–4, ECF No. 114).

assist his family, and to rebuild a struggling business that Defendant started before serving his sentence. (*Id.*).

The Court acknowledges Defendant's concerns and appreciates his intentions to support his family. However, Defendant's letter does not provide specific, factual support that would enable the Court to make an informed recommendation concerning a change in his current placement. The Court is neither familiar with Defendant's conduct during imprisonment, nor aware of Defendant's development while serving his sentence.

The BOP is best-suited to analyze Defendant's aptness for participation in the Second Chance Act. *See* 18 U.S.C. § 3624(c). Thus, the Court declines to make a recommendation on Defendant's participation in the Second Chance Act, and leaves the decision to the BOP's sound discretion.

**IV.　CONCLUSION**

**IT IS HEREBY ORDERED** that Defendant's request for a judicial recommendation, (ECF No. 112), is **DENIED**.

**DATED** this 17 day of April, 2019.

_____
Gloria M. Navarro, Chief Judge
United States District Court